UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICKY ABRAM, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-09-4091 |
| § | |
| NABORS OFFSHORE CORPORATION, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court are Plaintiff Ricky Abram's ("Abram") Renewed Motion to Remand (Doc. 23) and Defendant Nabors Offshore Corporation's ("Nabors") Motion for Summary Judgment (Doc. 25), as well as each party's response (Docs. 24 and 26, respectively). Upon careful review and consideration of these motions, the responses thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Abram's renewed motion to remand should be denied and Nabors' motion for summary judgment should be granted.

I.  Background and Relevant Facts

Abram worked for Nabors intermittently from 1994 to 2009 as a roustabout and floor hand on drilling rigs off the shore of Texas and Louisiana.  (Doc. 6, Exh. 1 at 1.)  On August 15, 2009, Abram was injured while working on the MODS 201 drilling rig, which was mounted on the Hoover Diana production platform.  Id.  The Hoover Diana is a tension leg platform attached to the Outer Continental Shelf.  (Doc. 10, Exh. 1 at 1.)  On November 13, 2009, Abram filed suit under the Jones Act, 46 U.S.C. § 30104, in the 334th Judicial District Court of Harris County, Texas.  (Doc. 1, Exh. 1 at 1.)  On December 23, 2009, Nabors removed the case to this Court under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 *et seq.*  (Doc. 1.) On January 19, 2010, Abram moved to remand.  (Doc. 5.)  After requesting additional briefing

on the subject, the Court found that Abram was not a seaman under the Jones Act. (Docs 15, 22.). Abram now renews his motion for remand (Doc. 23), while Nabors moves for summary judgment (Doc. 25).

## II.  Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's

attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323–24.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial."  W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)).  Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).  The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions.  *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment.  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7

(5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

III.  Discussion

The Court previously found that Plaintiff Abram did not qualify as a Jones Act seaman at the time he was injured. (Doc. 22.) The case was therefore properly removed on the basis of original jurisdiction under OCSLA. Abram's renewed motion to remand (Doc. 23) provides little additional information and certainly nothing that proves he spent more than thirty percent of his work time on vessels. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 355 (1995) (citing *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067, 1076 (5th Cir. 1986)). Because Abram is not a seaman within the meaning of the Jones Act, his exclusive remedy is to be found in the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*  33 U.S.C. § 933(i); *Perron v. Bell Maintenance and Fabricators*, 970 F.2d 1409, 1411 (5th Cir. 1992); *Longmore v. Sea Drilling Corp.*, 610 F.2d 1342 (5th Cir. 1980); *Hebron v. Union Oil Company of California*, 634 F.2d 245 (5th Cir. 1981). The LHWCA entitles an employee to workers' compensation

benefits, but bars all damages at common law against his employer. *Gaudet v. Exxon Corp.*, 562 F.2d 351, 366 (5th Cir. 1977); *Lorton v. Diamond M. Drilling Co.*, 540 F.2d 212, 213 (5th Cir. 1976); 33 U.S.C. § 905(a).

Abram's original petition contains only common law claims against Nabors and therefore must be dismissed. (Doc. 1-1 at 6.) Abram's response to Nabors' motion for summary judgment only reiterates his argument, already rejected, that removal was improper. (Doc. 26.)

IV.  Conclusion

Accordingly, the Court hereby ORDERS that Plaintiff Ricky Abram's Renewed Motion to Remand (Doc. 23) is DENIED.

The Court further ORDERS that Defendant Nabors Offshore Corporation's Motion for Summary Judgment (Doc. 25) is GRANTED.

SIGNED at Houston, Texas, this 8th day of February, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE